United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OSCAR CELIO BENAVIDES, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-02312 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Oscar Celio Benavides filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 24, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Immigration and Nationality Act, (ii) the Due Process Clause of the Fifth Amendment, and (iii) the declaratory judgment entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal). Id at ¶¶22–77.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that each of Petitioner's arguments fail on the merits. Id at 3–8.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Sanchez-Sanchez*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J) (detailing jurisdictional issues). The Ninth Circuit has since stayed *Bautista* insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class." *Bautista v DHS*, 26-1044 (9th Cir), Dkt 17.

The arguments presented by Petitioner in the petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Oscar Celio Benavides is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge